UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DARRA WILLIAMS, | Case No. 2:13-cv-01228-MMD-GWF |
| --- | --- |
| Plaintiff, | |
| v. | ORDER |
| COSTCO WHOLESALE CORPORATION, | (Plf.'s Motion to Remand – dkt. no. 7) |
| Defendant. | |

I. **INTRODUCTION**

This case comes before the Court through Defendant Costco Wholesale Corporation's Notice of Removal. (Dkt. no. 1.) Plaintiff Darra Williams filed her Complaint in the Eighth Judicial District Court in Clark County, Nevada, and served Defendant on June 20, 2013. (*Id.* at 1.) Plaintiff brings a negligence claim arising from a slip and fall incident in one of Defendant's stores on or about July 3, 2012. (Dkt. no. 7 at 1–2.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand to State Court on July 24, 2013. (Dkt. no. 7.) Having reviewed the Motion and subsequent briefing, the Court orders that the case be remanded to state court.

II. **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be

rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)).

### III.   DISCUSSION

Defendant claims that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. However, Defendant's arguments are

premised more on speculation than on a specific showing of a disputed amount over $75,000. Against this backdrop, the Court is mindful that it "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

It is undisputed that Plaintiff has requested compensation for approximately $5,000 in total current medical expenses. (Dkt. no. 7 at 3.) Defendant claims that the case meets the $75,000 amount in controversy requirement because Plaintiff seeks relief for (1) severe injury, (2) severe pain and suffering, (3) possible permanent and/or disabling conditions, (4) future medical expenses, (5) loss of income, and (6) attorney's fees. (Dkt. no. 9 at 3.) Defendant cites to no facts in the case or case law that would account for the addition $70,000 necessary to meet the amount in controversy requirement. Defendant simply states that, if aggregated, these claimed damages "will most definitely exceed the jurisdictional prerequisite." (*Id.* at 3-4.)

Defendant must overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Defendant has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Based on the record before it, the Court holds that it does not have jurisdiction to hear these claims.

## IV. CONCLUSION

It is hereby ordered that Plaintiff's Motion to Remand (dkt. no. 7) is granted.

It is therefore ordered that this case be remanded consistent with this opinion. The Clerk shall close this case.

DATED THIS 9th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE